UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**FLORIDA GAS TRANSMISSION COMPANY, LLC,**

    Plaintiff,

vs.

**+/- 1.187 ACRES OF LAND IN CHARLOTTE COUNTY, FLORIDA, JACKIE K. CLEMONS, LEE COUNTY ELECTRIC COOPERATIVE, INC., UNKNOWN OWNERS, IF ANY,**

    Defendants.

                                            /

Case No.

Tract No: FLBXS-CHAR-036.16

## COMPLAINT

Plaintiff, Florida Gas Transmission Company, LLC ("**FGT**"), files this Complaint to condemn easement interests necessary for its interstate natural gas pipeline project and states:

### Nature of Action and Parties

1. This condemnation action is authorized by the Natural Gas Act, 15 U.S.C. §§ 717-717z, and is governed by Rule 71.1 of the Federal Rules of Civil Procedure.

2. FGT is a Delaware limited liability company authorized to do business in the State of Florida with its principal place of business at 1300 Main St., Houston,

Texas 77002. FGT is an interstate natural gas company as defined by Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717 et seq., and, as such, is qualified to construct, own, operate and maintain pipelines for the transmission of natural gas and its by-products. FGT's authorization to transport natural gas in interstate commerce is granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("**FERC**").

3. Through this action, FGT seeks to condemn easement interests in property located in Charlotte County, Florida (the "**Owner's Parcel**"). The Owner's Parcel is described in Exhibit 1, which is incorporated by reference.

4. The easement interests that FGT seeks to condemn are set forth in Exhibit 2 ("**Subject Easement**"), which is incorporated by reference.

5. The persons known to FGT to have or claim an interest in the Subject Easement are named as Defendants in this action and are listed in Exhibit 3, which is incorporated by reference.

6. There may be additional persons who have or claim an interest in the Subject Easement whom FGT has not been able to identify. FGT has included these unknown persons as Defendants in this action under the designation "Unknown Owners" pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure.

## Jurisdiction and Venue

7. Jurisdiction and venue are proper in this Court pursuant to 15 U.S.C. § 717f(h), 28 U.S.C. § 1331, and 28 U.S.C. § 1391(b)(2).

8. Commencing in January, 2024, FGT will begin construction on approximately 1.53 miles of replacement 26-in natural gas lateral pipeline and appurtenant facilities in Charlotte and Lee Counties, Florida, to avoid conflicts with a Florida Department of Transportation ("**FDOT**") planned road improvement project to State Road 31 ("**SR 31**"), and a planned expansion of property development, in Charlotte and Lee Counties, Florida. In connection with this new construction, FGT will abandon an approximate 1.45 mile segment of its existing 26-inch Ft. Myers Lateral pipeline and appurtenant facilities. The above-described undertaking is collectively known as the Ft. Myers Lateral Relocation Project (the "**Relocation Project**").

9. The Relocation Project is necessary in order to avoid conflicts with FDOT's planned road improvement project and planned property development expansion in Charlotte and Lee Counties, and allow FGT to continue to safely provide natural gas transportation service to FGT's existing customers in Lee County, Florida.

10. On September 27, 1982, FERC entered an Order issuing a Blanket Certificate of Public Convenience and Necessity ("**Blanket Certificate**") which

authorizes FGT to construct, operate, and abandon interstate natural gas pipelines and facilities. A copy of the FERC Blanket Certificate is attached as Exhibit 4, which is incorporated by reference.

11. On May 17, 2023, the Company submitted to FERC its Prior Notice Request for Authorization under the Company's Blanket Certificate to construct the Relocation Project, more specifically describing the Relocation Project, the need for the project, identifying the precise route and property to be impacted, the alternative routes considered, and the rationale for FGT's particular route selection.

12. On July 25, 2023, FERC, in Docket No. CP23-482-000, authorized the Relocation Project under the Company's Blanket Certificate (Docket No. CP82-553-000), and FGT's construction, operation and maintenance of the Relocation Project facilities.

13. FERC has conclusively determined that the Subject Easement is necessary to construct and operate the Relocation Project.

14. FGT has been unable to acquire the Subject Easement by contract.

15. FGT offered to purchase the Subject Easement from its known owner for the final time on July 26, 2023 for $70,000. Upon information and belief, the Defendants claim the value of the Subject Easement is more than $70,000.

16. FERC has authorized the Relocation Project as necessary and in the public interest under FGT's Blanket Certificate.

17. FERC's determination of a public need for the Relocation Project, as well as its other findings, are conclusive and cannot be collaterally attacked in this action.

### Right to Condemn

18. The Natural Gas Act, 15 U.S.C. § 717f(h), authorizes FGT to condemn the Subject Easement because FGT is the holder of the FERC Blanket Certificate, FERC has determined the Subject Easement is necessary for the construction and operation of the Relocation Project, and because FGT is unable to acquire the Subject Easement by contract.

19. FGT is entitled to a Final Judgment of Condemnation of the Subject Easement and such further relief as may be just and proper.

### REQUESTED RELIEF

WHEREFORE, FGT respectfully requests that this Court grant the following relief:

a. Schedule briefing deadlines and a hearing, not later than 45 days from the filing of the Complaint, on FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction to be filed on Monday, August 14, 2023;

b. Following such hearing, enter an order establishing that FGT has the right to condemn the Subject Easement and enter a preliminary injunction granting

FGT immediate possession to begin the pre-construction and construction activities for the Relocation Project;

 c. Thereafter, pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, determine just compensation for the condemnation of the Subject Easement;

 d. Upon payment of just compensation, enter judgment condemning the Subject Easement; and

 e. Grant such additional relief as may be just and proper.

BARTLETT LOEB HINDS
THOMPSON & ANGELOS

/s/ *Ethan Loeb*
ETHAN J. LOEB
Florida Bar No.: 0668338
ethanl@blhtlaw.com
loisf@blhtlaw.com
E. COLIN THOMPSON
Florida Bar No.: 0684929
colint@blhtlaw.com
heatherw@blhtlaw.com
ALLISON DOUCETTE
Florida Bar No.: 0085577
allisond@blhtlaw.com
lynseyh@blhtlaw.com
100 North Tampa Street, Suite 2050
Tampa, FL 33602
Phone: (813) 223-3888
Fax: (813) 228-6422

*Attorneys for Florida Gas Transmission Company*